# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GIANNIS ANTETOKOUNMPO,<br><br>      Plaintiff,<br><br>v.<br><br>MAREE INC. and ERICA GLEATON,<br><br><br>      Defendants. | Case No. 23-CV-1389-JPS<br><br>**PRETRIAL PROCEDURES ORDER FOR CIVIL CASES PENDING BEFORE U.S. DISTRICT JUDGE J.P. STADTMUELLER** |

    This branch of the court has adopted a series of comprehensive pretrial protocols addressed in the balance of this Order, each of which is designed to ensure that each assigned civil case is both adequately and cost-effectively prepared and, equally important, fully concluded within 12–14 months from the date of filing. Each of these protocols is in keeping with the teachings of Federal Rule of Civil Procedure 1, which provides, in relevant part, that the rules "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Although parties involved in litigation remain free to prolong their disputes so long as their resources and time permit, this Court will not find itself cast in the role of providing a safe harbor to do so. At the same time, mediocrity, animated with a lack of attention to detail, resulting in ineffective preparation and runaway costs, has no place in the skill set of

any practicing member of the bar holding themself out as an officer of the Court.

Accordingly,

**IT IS ORDERED** that within two weeks of all named parties entering their appearances, they shall submit a joint Rule 26 plan. The Court will then issue a formal written scheduling order. Fed. R. Civ. P. 16(b)(1)(A). In this regard, the only dates appearing in this Court's initial scheduling order are a date to submit an interim settlement report and a cutoff date for dispositive motions. Dates associated with a trial, if necessary, will be determined following the Court's rulings on dispositive motions. After more than thirty-five years as a district judge, the Court has found through experience that it works best for seasoned lawyers working together in a cooperative, professional atmosphere to address all matters necessary to ensure that their respective cases are adequately, as well as timely, prepared as scheduled by the Court.

**IT IS FURTHER ORDERED** that counsel for the parties meet and confer forthwith to address the substantial work necessary for the orderly preparation of the case for trial, bearing in mind each of the following protocols:[1]

1. **MOTIONS TO DISMISS AND OTHER RULE 12 MOTIONS**

Should any defendant contemplate filing a motion to dismiss, or any motion under Rule 12, the parties must meet and confer *before* the motion is filed. Any motion to dismiss or motion under Rule 12 must be accompanied

---

[1]These protocols are designed to be consistent with federal law, the Federal Rules of Civil Procedure, and the Eastern District of Wisconsin Local Rules. Fed. R. Civ. P. 83. To the extent these protocols supplement another rule, these protocols control. *Id.*

by a written certification that the parties met and conferred. Such certification should be filed separately on the docket and not hidden within a brief or attachment. At the meet and confer, the defendant(s) should take care to explain the reasons, including both a factual and a legal analysis, why they intend to move to dismiss the complaint and/or file their Rule 12 motion, and the plaintiff(s) should strongly consider filing an amended complaint.

Should the meet and confer process not be fruitful, or should any resulting amended complaint not solve the issues identified by the defendant(s) as bases for dismissal and/or a Rule 12 motion, the parties must jointly prepare a 3–5 page, double-spaced, executive summary of the anticipated motion to dismiss and/or Rule 12 motion in letter form prior to the filing of the motion. Such summary must be filed using a case-participant-only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the summary is necessary. The contents of the executive summary must include, but are not limited to:

- Regardless of whether an amended complaint was filed, a brief description of what the parties did to comply with the meet and confer requirement;
- If an amended complaint was filed, a brief description of what remained inadequate in the amended complaint such that a motion to dismiss and/or Rule 12 motion is necessary;
- A list of the legal issues and a 1–2 sentence summary of each party's arguments in support of and in opposition thereto;
- A list of any parties that are agreed to be dismissed or substituted; and

- A list of any claims that are agreed to be dismissed.

These items need not be drafted in granular form in the executive summary. The executive summary should be filed within five (5) days of either an unsuccessful meet and confer or an inadequate amended complaint. The time for filing the motion to dismiss and/or Rule 12 motion (in other words, the time to file a responsive pleading) will be stayed while the Court reviews the executive summary.

Depending on the issues presented, the Court may thereafter hold either an in-person or telephonic conference with the parties to discuss how to proceed. At the conference, the Court may set a schedule for the parties to brief the motion to dismiss and/or Rule 12 motion. The conference will also be the parties' opportunity to ask questions to ensure that they fully understand the nature and purpose of the Court's protocols.

Should a motion to dismiss and/or Rule 12 motion be appropriate, in addressing **substantive motions to dismiss**, or any motions filed under Rule 12, the Court will consider only the facts as they appear in the complaint or other pleadings, as applicable; therefore, the parties should omit a facts section from their briefing. For **jurisdictional motions to dismiss** (e.g., those based on standing, subject matter, and venue), the parties must meet and confer and provide a single *narrative* statement of agreed-upon facts in paragraph form addressing the jurisdictional issue. Again, the parties should omit a facts section from their briefing. If any facts pertaining to jurisdiction are in dispute, each party may submit a set of itemized disputed facts. These itemized disputed facts may not exceed one (1) page per party. The Court will only consider the complaint and the jurisdictional facts, if applicable; if a facts section is included in the briefing, it will be disregarded.

The parties must also submit joint proposed jury instructions detailing the elements of each claim and defense. The joint proposed jury instructions should be filed as a single standalone document filed contemporaneously with the motion to dismiss. The proposed jury instructions must be tailored to the facts, edited, and formatted exactly as the parties would expect that they be delivered to a jury; form-book citations are not acceptable substitutes. If there is a dispute as to the proposed jury instructions (i.e., as to the applicable law), each party should provide their version of the instruction accompanied by 1–2 cases in support thereof in the joint document. Then, each party must explain why the case(s) support their position regarding the disputed instruction in the motion to dismiss briefing, keeping within the standard page allotment. In their briefing, the parties should refer and cite to the proposed jury instructions (whether agreed, or their proposed version) to guide the Court through the relevant facts.

The rationales for this requirement are threefold. First, the Court expects that jointly crafting a set of applicable jury instructions will help the parties get on the same page about the elements of their claims and defenses and the applicable law, and, in doing so, identify any deficiencies in the complaint. Regrettably, all too often in today's world, pleadings and associated discovery have been relegated to little more than obfuscation masquerading as a stream of consciousness. Second, this requirement should encourage the parties to agree on proposed jury instructions and the applicable law, because in the event that they do not agree, they must use pages of their briefing to explain the disagreement. Third, this exercise will provide an excellent blueprint for completion of relevant, narrowly tailored, discovery.

Briefs in support of, or in opposition to, motions to dismiss and/or motions under Rule 12 should cite no more than ten (10) cases per cause of action or defense. The Court prefers that parties avoid string citations, particularly those lacking explanatory parentheticals. Additionally, although it should go without saying, the parties must have actually read the cases to which they cite. Equally important, as officers of the court, counsel for the parties have an obligation to bring to the Court's attention contrary legal authority, together with an analysis suggesting the authority may be inapplicable, or perhaps, wrongly decided.

**In general**, if a complaint can be remedied simply by adding more detail, then the plaintiff(s) should either act preemptively to amend the complaint or the parties should agree to proceed to the fact-finding portion of the proceeding, e.g., summary judgment or trial. The Court expects that this exercise in efficiency will obviate the need to file most motions to dismiss and/or motions under Rule 12. Indeed, when the Court grants a motion to dismiss, it often grants leave to amend; therefore, it is in every litigant's interest to discuss the matter prior to the submission of a formal motion to dismiss.

2. **MOTIONS FOR SUMMARY JUDGMENT**

While the Court does not set a discovery deadline beyond that which is set by the Federal Rules, the Court expects that, if parties intend to move for summary judgment, they will have completed all discovery necessary to support their respective positions on the motion.

For summary judgment motions, the parties must meet and confer at least forty-five (45) days prior to filing such motion. Within five (5) days after the meet and confer, the parties must file a 3–5 page, double-spaced, executive summary of the motion in letter form. Such summary must be

filed using a case-participant-only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the summary is necessary.

The purpose of the executive summary is to allow the Court to determine whether the parties have completed sufficient discovery to support a motion for summary judgment and are on track to file a motion accompanied by briefing that adequately focuses on the issues in dispute. To that end, the contents of the executive summary must include, but are not limited to:

- A brief description of what the parties did to comply with the meet and confer requirement;
- A list of the legal issues and a 1–2 sentence summary of each party's arguments in support of and in opposition thereto;
- A brief narrative of core undisputed facts, in chronological order;
- A list of core disputed facts and the basis for each dispute;
- A list of any parties that are agreed to be dismissed or substituted;
- A list of any claims that are agreed to be dismissed;
- Whether the motion includes disputed expert testimony; and
- The parties' determination as to which party will be the moving party and which will be the opposing party on summary judgment for each claim and defense subject to the motion.

These items need not be drafted in granular form in the executive summary. Consistent with these directives, the Court will not entertain cross-motions for summary judgment, absent a showing of good cause. Parties may move

for leave to file cross-motions, but the basis therefor should briefly be explained in the executive summary.

The Court will then consider the executive summary and determine whether the issues presented are appropriately resolved in a dispositive motion. Depending on the issues presented, the Court may thereafter hold either an in-person or telephonic conference with the parties to discuss how to proceed. At the conference, the Court may set a schedule for the parties to finalize and exchange proposed undisputed and disputed facts in advance of filing a motion. Unlike the executive summary, these undisputed and disputed facts should be complete and in granular form. The Court may also address inadequate completion of discovery. The conference will also be the parties' opportunity to ask questions to ensure that they fully understand the nature and purpose of the Court's protocols.

As noted above, the executive summary must state with specificity what the parties did to comply with the meet and confer requirement. The executive summary must further detail if a party is unwilling to engage in the meet and confer, and that party's basis for refusal. A party may not simply refuse to meet and confer based on that party's unilateral belief that genuine disputes of fact exist such that summary judgment is inappropriate. In the same vein, if a party refuses to stipulate to a fact as undisputed, that refusal and the reason therefor must also be stated in the executive summary. One party's belief that a fact is immaterial is *not* a legitimate basis to refuse to stipulate to the fact; these arguments are best made in a brief in opposition. Under these circumstances, the Court *will* hold a conference where it will determine the appropriate remedy for a party's refusal to follow the Court's directives.

The Court ultimately requires that, with any summary judgment motion, the parties submit a single, granular, agreed-upon statement of facts, written in *narrative*, paragraph form, consisting of only material facts and the minimum necessary contextualizing facts. The facts must be drafted in chronological order. The parties should omit a facts section from their briefing; the Court will only consider the single, agreed-upon statement of facts. This joint statement of facts must be a separate filing, filed by the movant at the time the motion for summary judgment is due.

To the extent there are factual disputes, the parties must also jointly submit a single, itemized statement of disputed facts, written in *list* form, which is to be filed by the movant at the time the motion is due. Each itemized, disputed fact should be supported by each party's separate pinpoint citation(s) to the record. Preparation of this list does not mean that either party concedes that any itemized disputed fact is material or genuinely disputed. Itemized disputed facts must be laid out in a single filing which may not exceed three (3) double-spaced pages.

If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because the rules provide for filing motions for summary judgment does not mean that the moving party is obliged to do so. **Any facts about which a party refuses to meet and confer or stipulate without a reasonable basis will be deemed undisputed.**

In addition to the joint statement of facts, the parties must also submit an agreed-upon proposed set of jury instructions detailing the elements of each claim and defense. The joint proposed jury instructions should be filed as a single standalone document filed contemporaneously with the motion for summary judgment. The proposed jury instructions

must be tailored to the facts, edited, and formatted exactly as the parties would expect that they be delivered to a jury; form-book citations are not acceptable substitutes. If there is a dispute as to the proposed jury instructions (i.e., as to the applicable law), each party should provide their version of the instruction accompanied by 1–2 cases in support thereof in the joint document. Then, each party must explain why the case(s) support their position regarding the disputed instruction in the motion for summary judgment briefing, keeping within the standard page allotment. In their briefing, the parties should refer and cite to the proposed jury instructions (whether agreed, or their proposed version) to guide the Court through the relevant facts.

Briefs in support of, or in opposition to, motions for summary judgment should cite no more than ten (10) cases per cause of action or defense. The Court prefers that parties avoid string citations, particularly those lacking explanatory parentheticals. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of the opposition brief. Additionally, although it should go without saying, the parties must have actually read the cases to which they cite. Equally important, as officers of the court, counsel for the parties have an obligation to bring to the Court's attention contrary legal authority, together with an analysis suggesting the authority may be inapplicable, or perhaps, wrongly decided.

3. **OTHER MOTIONS**

This Court also requires the parties to meet and confer about any potentially disputed matter before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to

attempt to obviate the need for a motion and thus avoid unnecessary Court intervention, or to narrow the scope of issues the Court must resolve; the parties must meet and confer in a good faith attempt to fulfil this purpose. Pro se litigants must also comply.

The motion or other request must be accompanied by a written certification, separately filed, of having met and conferred. If a motion is unopposed, the motion should clearly state that so that the Court may act on it in a timely manner. The Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith.

4. **SETTLEMENT AND MEDIATION**

In recognition of the Court's limited resources and an ever burgeoning case load assigned to this branch of the Court, together with the continued escalating costs associated with litigation, the Court finds it prudent to require that counsel and their respective clients seriously undertake all appropriate measures, including utilizing the services of a randomly assigned magistrate judge, or another outside, third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event counsel and their respective clients wish to avail themselves of the services of the randomly assigned magistrate judge, they are reminded that, like district judges, magistrate judges have very busy calendars. Therefore, in order to ensure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, counsel must take appropriate steps to jointly request that the Court make such a referral. Such a request may be included in the executive summary described above.

Accordingly, the Court finds it prudent to direct that counsel for the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the randomly assigned magistrate judge or other third party

neutral for purposes of conducting one or more settlement conferences. However, the Court preemptively warns the parties that it will not stay any deadlines while the parties explore settlement in this matter. The Court will further direct that counsel for the plaintiff(s) file with the Court an interim settlement report generally summarizing any progress made as of the report due date, including the date(s) counsel for the parties actually met and conferred. Such report must be filed using a case-participant-only restriction so that access is restricted to the Court and counsel for the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the settlement report is necessary.

5. **DATES**

Where not otherwise specified by the Court, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules. As will be reiterated in the scheduling order and at any conference with the Court, **motions for extensions of time will not be looked upon favorably**. Motions to extend are always considered but rarely granted.

Finally, the Court readily acknowledges and well appreciates the fact that, in this branch, preparation of a case requires a substantial commitment of time and resources. The parties ought not treat the Court's directives lightly. In the final analysis, adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court.

The parties are encouraged to contact chambers should they have any questions about the matters addressed herein.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge