# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GIANNIS ANTETOKOUNMPO,

                    Plaintiff,

v.                                                          Case No. 23-CV-1389-JPS

MAREE, INC.,

                    Defendant.                              **ORDER**

## 1.    INTRODUCTION

On December 7, 2023, in light of the parties' identification of a potential jurisdictional defect in the proceedings, ECF No. 17, the Court ordered the parties to conduct limited discovery on the issues of jurisdiction and venue and mandated the filing of "either an appropriate motion to dismiss or motion to amend," Dec. 7, 2023 Text Order. Plaintiff Giannis Antetokounmpo ("Plaintiff") now moves pursuant to Federal Rule of Civil Procedure 26(c) and under Civil Local Rule 7(h) for a protective order (1) vacating the Rule 30 notice of deposition by oral examination dated December 20, 2023 seeking to depose Plaintiff on issues "limited to questions regarding jurisdiction and venue" and (2) barring depositions, including of Plaintiff's partner, Mariah Riddlesprigger ("Riddlesprigger"), (by subpoena under Rule 45, *see* ECF No. 24-2), by and on behalf of Defendant Maree, Inc. ("Defendant") "ostensibly relating to the Court's order directing limited jurisdictional discovery." ECF No. 20 (quoting ECF No. 21-1 at 2).

Plaintiff argues that "a deposition of Plaintiff, or anyone close to him[,] concerning the narrow jurisdictional issue is unnecessary,

redundant, and unduly burdensome" because "the focal points of jurisdictional discovery are [Defendant's] contacts with Wisconsin, not Plaintiff's." *Id.* at 2–3. Plaintiff asserts that Defendant "has not detailed facts concerning the jurisdictional analysis that are otherwise unavailable to it that would be uncovered by deposing . . . Plaintiff and" Riddlesprigger. *Id.* at 3. Even if there were legitimate information going to jurisdiction and/or venue to which Plaintiff and/or Riddlesprigger could testify, "Defendant could have obtained [such] information through properly phrased and tailored interrogatories and document requests focused on the jurisdictional analysis." ECF No. 20 at 3.

In opposition, Defendant characterizes Plaintiff's motion as being grounded in his "discomfort," which "cannot be the standard" for vacating a notice of deposition. ECF No. 23 at 2. Defendant disputes Plaintiff's suggestion that Defendant is required to provide a "rubric" of the facts Defendant seeks to uncover in the depositions. *Id.* Nevertheless, Defendant asserts that one issue sought to be uncovered in the depositions is "whether payment was truly made from an account in Wisconsin." *Id.* at 3. Additionally, Defendant argues that Plaintiff lacks standing to quash the third-party subpoena of Riddlesprigger "regardless of whether [Plaintiff's counsel] accepted service" for Riddlesprigger. *Id.*

2. **ANALYSIS**

2.1 **Standing to Move to Prohibit the Deposition of Non-Party Riddlesprigger**

The Court first addresses Defendant's argument that Plaintiff lacks standing to seek to prohibit the deposition of non-party Riddlesprigger, notwithstanding that Plaintiff's counsel "accepted service" of the subpoena on Riddlesprigger's behalf. ECF No. 23 at 3.

Case 2:23-cv-01389-JPS    Filed 01/18/24    Page 2 of 10    Document 25

Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a [non-party] person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). "Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash." *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D. Ill. July 28, 1983). "Unless a party can demonstrate a personal right or privilege with respect to the subject matter of the deposition, the party to the action lacks standing to halt the deposition." *Id.* (citing *Dart Indus. v. Liquid Nitrogen Processing Corp. of Ca.*, 50 F.R.D. 286, 291 (D. Del. 1970) and *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)). Put otherwise, "a party has standing to move to quash a non-party subpoena if it 'infringes upon the movant's legitimate interests.'" *Architectural Iron Workers' Loc. No. 63 Welfare Fund. v. Legna Installers Inc.*, No. 22-C-5757, 2023 U.S. Dist., LEXIS 66607, at *4 (N.D. Ill. Apr. 17, 2023) (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)). "Examples of legitimate interests include asserting work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." *Id.* (citing *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013)).

Aside from Plaintiff's counsel having accepted service of the subpoena on Riddlesprigger's behalf, it is entirely unclear on what ground Plaintiff purports to have standing to seek to prevent Riddlesprigger's deposition, at least with respect to Rule 45. The analysis does not end there, however, because "[d]istrict courts have found that a party who lacks standing under Rule 45 to challenge a subpoena may 'achieve a similar end under Rule 26' by requesting a protective order . . . ." *Allstate Ins. Co. v.*

*Electrolux Home Prods.*, No. 16-cv-4161, 2017 U.S. Dist. LEXIS 189229, at *7 (N.D. Ill. Nov. 15, 2017) (citing, inter alia, *Mfr. Direct, LLC v. Directbuy, Inc.*, No. 2:05-cv-451, 2007 U.S. Dist. LEXIS 10250, at *8 (N.D. Ind. Feb. 12, 2007) (concluding that the weight of authority in both the Seventh Circuit "and others" allows a party who lacks standing under Rule 45 to nevertheless move for a protective order under Rule 26) and *Hobley v. Chi. Police Commander Burge*, 445 F. Supp. 2d 990, 993 n.4 (N.D. Ill. 2006) ("Defendants assert that Plaintiffs lack standing to move to quash the [non-party] subpoenas . . . . It is not necessary to decide that issue, since Plaintiffs undoubtedly have standing to seek a protective order under Red. R. Civ. P. 26(c).")).

Because Plaintiff challenges the non-party subpoena under Rule 26 rather than Rule 45, the Court will proceed to the merits of the motion.

### 2.2    Propriety of the Depositions under Rule 26(c)

Federal Rule of Civil Procedure 26(c) provides that a party or person "from whom discovery is sought may move for a protective order" to forbid such discovery in order to protect the party or person "from annoyance, embarrassment, oppression, or undue burden or expense." "Protective orders prohibiting depositions are rarely granted and require a showing of an 'exceptional circumstance that would justify prohibiting the deposition altogether.'" *Komoscar v. Ind. Dep't of Child Servs.*, No. 2:15-CV-256-JVB-PRC, 2017 U.S. Dist. LEXIS 93723, at *2–3 (N.D. Ind. June 19, 2017) (quoting *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002)); 1 MOORE'S ANSWERGUIDE: FEDERAL DISCOVERY PRACTICE § 8.16 ("[C]ourts will generally grant a motion . . . for a protective order to prohibit a deposition, only in extraordinary circumstances.") (citing *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995)).

Although the permissible reasons provided in Rule 26(c)—annoyance, embarrassment, oppression, undue burden, or expense—"are broad, they are not limitless." 2 FEDERAL LITIGATION GUIDE § 18.01. "For example, a witness's lack of knowledge alone is rarely sufficient basis for preventing a deposition." *Id.* Ultimately, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Mendez v. City of Chicago*, No. 18-CV-5560, 2020 U.S. Dist. LEXIS 114051, at *5 (N.D. Ill. June 29, 2020) (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. Apr. 20, 2006)).

Plaintiff's primary argument in support of his motion is that Defendant already has within its own possession sufficient facts going to personal jurisdiction such that his deposition is unnecessary. ECF No. 20 at 2–3.[1] The Court will attempt to address this argument without allowing it

---

[1] Plaintiff also argues that deposing him and Riddlesprigger would be "unduly burdensome," but Plaintiff does not actually elaborate on why that would be the case. ECF No. 20 at 2. He does not suggest, for example, that he and Riddlesprigger are unavailable, out of town, or burdened by conflicting obligations. The deposition is to be held in Milwaukee—Plaintiff's and Riddlesprigger's city of residence and the forum that Plaintiff himself selected for this lawsuit. *See Griffin v. Bd. of Regents of the Univ. of Wis. Sys.*, 818 F. App'x 558, 560 (7th Cir. 2020) ("[The plaintiff] argues that the deposition would have been 'unduly burdensome' because of the travel and associated expenses. But the district court adequately addressed these concerns, noting that *she* chose . . . the forum for her suit and concluding that neither the travel nor [the plaintiff's] stress about it qualified as an undue burden."). "Sitting for a deposition within one's home district does not, and cannot, constitute an undue burden or amount to 'exceptional circumstances.'" *In re Medytox, Inc.*, No. 1:18-mc-00046-TWP-DLP, 2019 U.S. Dist. LEXIS 117977, at *24 (S.D. Ind. July 16, 2019).

With respect to Riddlesprigger, specifically, it is true that "'non-party status' is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *United States ex rel. Tyson v. Amerigroup Ill., Inc.*, No. 02-C-6074, 2005 U.S. Dist. LEXIS 24929, at *14 (N.D. Ill. Oct. 21, 2005) (collecting cases). This is so because, while "parties to a lawsuit must accept [the] travails [of discovery] as a natural concomitant of modern civil litigation[,] . . .

to transform, as the Court fears it may, into something resembling a preliminary ruling on a hypothetical, anticipated motion to dismiss for lack of jurisdiction.

Plaintiff writes that "the focal points of jurisdictional discovery are [Defendant's] contacts with Wisconsin, not Plaintiff's." *Id.* at 3. That may be largely true, but "the constitutionality of jurisdiction does not turn on which party 'started it.'" *Logan Prods. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996)). Instead, "pinning down which party initiated the transaction is merely one helpful factor in the jurisdictional equation." *Id.* (citing *Madison Consulting Grp. v. South Carolina*, 752 F.2d 1193, 1202 (7th Cir. 1985)). "For no matter which party got the ball rolling, if [Defendant] intentionally served the Wisconsin market, [Defendant] purposefully established sufficient minimum contacts to subject it to personal jurisdiction in Wisconsin." *Id.*

Plaintiff points to Defendant's response to Plaintiff's first set of interrogatories and response to requests to produce, wherein Defendant admits that its product "is sold and distributed in all 50 states." ECF No. 21-5 at 3; ECF No. 21-6 at 7.[2] The Court agrees that these admissions are highly

_____

[n]on-parties have a different set of expectations." *Id*. (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Accordingly, "concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs." *Id*. (quoting *Cusumano*, 162 F.3d at 717). Notwithstanding this special weight, however, the Court does not believe that the subpoena imposes an undue burden on non-party Riddlesprigger considering that she is alleged to be "the sole person who communicated directly with [Defendant]" regarding the transaction at issue. ECF No. 23 at 3.

[2]Plaintiff also asserts, without citation, that "there can be no valid dispute that the 2023 order for beds was negotiated from Wisconsin, placed with [Defendant] with terms set in Wisconsin, and was paid for by the Plaintiff from Wisconsin" and that "at least two . . . representatives [of Defendant] visited Plaintiff's home in the Eastern District of Wisconsin in January 2019 to provide

probative in the personal jurisdictional analysis. Indeed, specific personal jurisdiction exists "when direct sales from the defendant in the forum state involve the [allegedly] infringing product." *NBA Props. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022) (citing *Curry v. Revolution Lab's, LLC*, 949 F.3d 385, 401–02 (7th Cir. 2020)); *cf. Curry*, 949 F.3d at 400 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 n.6 (2011)). It is even sufficient for personal jurisdiction purposes that "the defendant reasonably could foresee that its product would be sold in the forum." *NBA Props.*, 46 F.4th at 623 (quoting *Curry*, 949 F.3d at 399). "In *Curry* we explained that allowing customers to order products from a website to the forum and then carrying out that order, can form the basis of personal jurisdiction." *Id.* (citing *Curry*, 949 F.4th at 399–400).

Nevertheless, the Court is unwilling at this stage to conclude that such admissions by Defendant are necessarily sufficient to resolve the asserted personal jurisdictional and venue issues such that any facts that Plaintiff or Riddlesprigger could offer would be entirely unnecessary. To so conclude would essentially and inappropriately convert this expedited non-dispositive motion into a dispositive one that at this juncture is not before the Court.

---

interior design services and to assemble and install the bed Plaintiff purchased from Defendant in 2018 that [Defendant] shipped to Plaintiff's Wisconsin home," ECF No. 20 at 2, 3. But the mere fact that these assertions appear in Plaintiff's amended complaint does not render them incontrovertible. "Often personal jurisdiction is closely linked to the nature, and merit, of the claim being asserted, but this does not mean that the judge will just take the plaintiff's word about what happened." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 859 (7th Cir. 2011) (quoting *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) and citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)).

The fact that "as a general matter, discovery 'should be freely permitted,'" including "when discovery is directed to personal jurisdiction," further adds to the Court's hesitation to prohibit Defendant's desired deposition of Plaintiff and Riddlesprigger. *Zimmer, Inc. v. Elk*, No. 3:11-CV-63 RM, 2011 U.S. Dist. LEXIS 123334, at *13 (N.D. Ind. Oct. 24, 2011) (quoting *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998)). And while it is true that "jurisdictional discovery 'should not be expansive since it does not go to the merits of the case,'" it should nevertheless be "broad enough to allow [the plaintiff] to pursue [its specific personal] jurisdiction theor[y] until [it] is conclusively ruled out.'" *Owner Operator Res., Inc. v. Maag*, No. 1:02-CV-332, 2003 U.S. Dist. LEXIS 28608, at *21–22 (N.D. Ind. Mar. 28, 2003) (allowing depositions for limited jurisdictional discovery) (bracketing in original) (quoting *Andersen*, 179 F.R.D. at 244)).

Plaintiff also argues that whatever information Defendant seeks from Plaintiff and Riddlesprigger on the issue of jurisdiction could be obtained "through less intrusive and burdensome means." ECF No. 20 at 3. It is true that the court "must limit the . . . extent of discovery otherwise allowed . . . if . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Defendant responds, however, that it has already "had to serve a Notice to Cure based on" perceived defects in Plaintiff's productions in written discovery. ECF No. 23 at 2; *see* ECF No. 24-3. In other words, Defendant challenges Plaintiff's professed ability to respond appropriately to written discovery requests in lieu of a deposition. Furthermore, while considered a more "efficient, comparatively inexpensive discovery mechanism," "[i]nterrogatories should not replace

depositions as a method for examining potential witnesses in an action . . . ." 1 FEDERAL CIVIL PROCEDURE LITIGATION MANUAL § 33.1.

Defendant also argues that at least with respect to Riddlesprigger—allegedly the primary, if not sole, person with whom Defendant corresponded regarding the transaction at issue—this argument is a non-starter, because as a non-party she cannot engage in written discovery. ECF No. 23 at 3–4. Indeed, Rule 33 specifies that "a party may serve *on any other party*" interrogatories, and similarly Rule 36 provides that "[a] party may serve on *any other party*" requests for admission. Fed. R. Civ. P. 33(a)(1) and 36(a)(1) (emphases added); 1 FEDERAL CIVIL PROCEDURE LITIGATION MANUAL § 33.1 ("Unlike depositions, interrogatories may be served only upon other parties in the action, and not on non-party witnesses."). In light of her inability to engage in such written discovery and considering her alleged role in the subject matter of this dispute, a deposition of Riddlesprigger narrowly limited to the issues of jurisdiction and venue is appropriate. For all the reasons discussed herein, the same is true with respect to Plaintiff.

### 3.    CONCLUSION

In sum, Plaintiff has failed to demonstrate any "exceptional circumstance that would justify prohibiting" either his or Riddlesprigger's deposition. *Komoscar*, 2017 U.S. Dist. LEXIS 93723, at *3 (quoting *CSC Holdings*, 309 F.3d at 993). At best, he has demonstrated a preference to provide whatever information in his or Riddlesprigger's possession relevant to the issue of jurisdiction and venue via written discovery, but that preference is by itself insufficient to prohibit the depositions in this case, and in any event, it is an avenue unavailable to Riddlesprigger. Because Plaintiff has failed to carry his burden to show that his or

Riddlesprigger's depositions would be improper, the Court will deny his motion. To maintain the limited scope of the depositions and to protect against any undue burden, however, the Court will order that the depositions of Plaintiff and Riddlesprigger on the limited topics of jurisdiction and venue not exceed two hours in length per deponent. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."); Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the . . . length of depositions under Rule 30."); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996) ("[S]imilar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case.") (citing Fed. R. Civ. P. 37(a)(4)(B), (C)). Defendant must therefore ensure that it is fully prepared to efficiently utilize its limited time with thoughtful, tailored questioning going only to jurisdiction and venue.

Accordingly,

**IT IS ORDERED** that Plaintiff Giannis Antetokounmpo's expedited motion for protective order, ECF No. 20, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the jurisdiction-and-venue-related depositions of Plaintiff Giannis Antetokounmpo and non-party Mariah Riddlesprigger be and the same shall not exceed two hours in duration per each deponent.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge